UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BOARD OF SUPERVISORS OF ALLEGHANY COUNTY, | ) ) ) ) | Civil Action No. 7:21-cv-00448 |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER** |
| DONNIE T.A.M. KERN, | ) ) ) | By:   Hon. Thomas T. Cullen United States District Judge |
| Defendant. | ) | |

On December 2, 2020, Plaintiff Board of Supervisors of Alleghany County ("the Board") filed a petition in the Circuit Court of Alleghany County, pursuant to Virginia Code § 24.2-234, to remove Defendant Donnie T.A.M. Kern as a member of the Alleghany County School Board. On December 3, the circuit court ordered Kern to show cause at a hearing scheduled on December 14, 2020, why he should not be removed from office. Kern thereafter demanded a jury trial, which the circuit court set for August 25–26, 2021. On August 10, Kern moved for continuance and terminated his counsel. He now proceeds *pro se*.

On August 24, 2021, Kern filed a notice of removal in this court. In that filing Kern alleges that the Board's petition for his removal violated "Section 504 of the Rehabilitation Act, Title VI of the Civil Rights Act of 1964, U.S. Constitution Amendment I, U.S. Constitution Amendment VIII, Constitution Amendment XIV, 42 U.S.C. § 1983 [and] § 1985." (ECF No. 2, at 2.)

"A defendant may remove any action from a state court to a federal court if the action could have originally been brought in federal court." *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754

(4th Cir. 1996) (citing 28 U.S.C. § 1441). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). To determine whether a court can exercise federal question jurisdiction, a court must look at "the face of the plaintiff's properly pleaded complaint." *Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 363 (4th Cir. 2004); *see* 28 U.S.C. § 1331. The Board's petition in the circuit court was filed under Virginia Code § 24.2-234 and arises solely under state, not federal, law. A defendant cannot create federal question jurisdiction to remove a case to federal court simply by raising a federal counterclaim or defense. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 831 (2002) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.")

The court also could not properly exercise diversity jurisdiction over the original claim. Diversity jurisdiction requires that the amount in controversy exceeds $75,000 and the dispute is "between citizens of different states." *See* 28 U.S.C. § 1332. Kern is a citizen of Alleghany County, Virginia, and the Board sits in Covington, Virginia. Both are Virginia citizens and this court cannot exercise diversity jurisdiction over the claim. *See Appling v. Alleghany Cnty.*, No. 5:12cv37, 2013 WL 1319460, at *5 (W.D.N.C. Mar. 28, 2013) (treating local government entities seated in North Carolina as a citizens of North Carolina); *Worsley v. Wake Cnty.*, No. 5:09cv498, 2010 WL 883015, at *4 (E.D.N.C. Mar. 8, 2010) ("The complaint alleges that the Wake County local government is in Raleigh, North Carolina and that the plaintiff also resides in Raleigh, North Carolina. Because both parties appear to reside in North Carolina, the requisite diversity of citizenship does not exist.").

- 3 -

For these reasons, the court finds that it lacks subject matter jurisdiction, and must remand the case. *See* 28 U.S.C. § 1447(c). It is hereby **ORDERED** that this matter is **REMANDED** to the Circuit Court of Alleghany County for all future proceedings. The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 3rd day of September, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE